**YANG ZHAO, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 04–6589–ag.**

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Yang Zhao, pro se, New York, New York, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Eleanor Darden Thompson, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yang Zhao, a native and citizen of the People's Republic of China, seeks review of a November 30, 2004 order of the BIA affirming the July 15, 2003 decision of Immigration Judge ("IJ") Philip L. Morace, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yang Zhao*, No. A79 682 808 (B.I.A. Nov. 30, 2004), *aff'g* No. A79 682 808 (Immig. Ct. N.Y. City July 15, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

In this case, the IJ's denial of relief was ultimately based on flawed fact-finding. *See id.* In rendering his decision, the IJ stated his understanding that the U.S. Department of State's International Religious Freedom Report did not make any mention of Guanyin Famen and that there was therefore no evidence that practitioners of

Guanyin Famen would be singled out for persecution in China. However, Guanyin Famen is indeed mentioned in at least three different places in the International Religious Freedom Report in connection with China's efforts to suppress certain religious organizations. First, the report states that the Chinese government issued a circular in 1995 classifying a number of religious organizations, including Guanyin Famen, as "cults" and declaring them illegal. The report further notes that arrests for disturbing the social order increased from 76,500 in 1998 to more than 90,000 in 1999 due primarily to the Chinese government's "crackdown" on various religious organizations, including Guanyin Famen. The report later reiterates that the Chinese government considers Guanyin Famen to be "an evil cult."

Most of the IJ's findings stemmed, at least in part, from his conclusion that there was no mention of Guanyin Famen or persecution of its practitioners in the International Religious Freedom Report. For instance, the IJ found that Zhao should have submitted additional corroborative evidence of her claims. However, it is not clear whether the IJ would have required additional corroborative evidence in this case, or how he would have weighed the absence of additional corroboration, had he realized that the background materials, in fact, did make reference to Guanyin Famen. *See Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir.2000). It is also not clear that the IJ would have found that Zhao could safely relocate within China had he realized, based on the International Religious Freedom Report, that the Chinese government had outlawed Guanyin Famen. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006).

In light of the importance that the IJ placed on the failure of the background materials to mention Guanyin Famen, we cannot be sure that the IJ would have reached the same result absent this error of fact. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir.2006). The IJ's decision is thus fatally flawed. We are unable adequately to review the IJ's conclusion that Zhao failed to meet her burden of proof. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 129–29 (2d Cir.2004). Where the IJ has ignored or failed to consider material evidence, we cannot conclude that the IJ's decision was based entirely on the record. *See id.* Such a flawed interpretation of the record requires remand so that the agency, may, in the first instance, determine the significance of the IJ's error. *See Rizal v. Gonzales,* 442 F.3d 84, 93 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is remanded to the BIA for further proceedings consistent with this order. Our review having been completed, the pending motion for a stay of removal in this petition is DISMISSED as moot.